RAMÓN GELABERT, Plaintiff and Appellee, v. JUANA CANDELARIA, Defendant and Appellant.

No. 7178. Argued March 30, 1936.—Decided April 3, 1936.

*Luis Mercader* for appellant.   *A. Cadilla Ginorio* and *M. Santoni Ledesma* for appellee.

Mr. Justice Córdova Dávila delivered the opinion of the court.

This is an unlawful detainer proceeding brought by Ramón Gelabert against Juana Candelaria, who, it is alleged, detains an urban property, described in the complaint, without the consent and against the will of plaintiff and without paying any rent.

In the answer it is alleged that defendant is in possession of the property the object of this suit as owner of the same, together with her husband, Manuel Cruz, and the family of both, who since its acquisition in June 1926, have occupied it as a homestead, which right they have not abandoned, assigned, or waived in any manner; that defendant, in her own right and as attorney in fact of her husband, mortgaged the property described to the spouses Pedro Gelabert and Mariana D. Elías, parents of plaintiff; that said property was sold at auction for taxes, and that the same was awarded to plaintiff as sole bidder in his own name and for the benefit of his mother and the heirs of Pedro Gelabert, and he recorded in his name a null and void title thereto as purchaser and succeeded in cancelling the mortgage mentioned. It is

also alleged that about 1928 the husband of defendant, Manuel Cruz, was absent in the United States temporarily, with the intention of returning to the home he occupied as a homestead with his family, and that he was never notified of the said auction sale or of the present proceeding.

The lower court sustained the complaint, and defendant having taken an appeal, the plaintiff now requests that the same be dismissed as frivolous.

The lower court, after hearing the evidence, held the following facts to have been proved:

"That the spouses Manuel Cruz and Juana Candelaria were the owners of the urban property the object of this suit, which they had mortgaged to the spouses Pedro Gelabert and Mariana D. Elías, to secure a loan for five hundred dollars.

"That there were owed on said property the taxes corresponding to the years 1928–29, 1929–30, and 1930–31, and the Collector of Internal Revenue of Arecibo sold at auction said property on August 8, 1932, Ramón Gelabert being the sole bidder and to whom the property was awarded for the amount of the taxes owed and to whom was issued the corresponding certificate of sale on October 11, 1932, which he recorded in the proper registry of property.

"That Manuel Cruz having gone to the United States, Juana Candelaria remained in possession of the house and has continued to occupy the same after it had been awarded to the plaintiff by virtue of the auction sale for failure to pay the taxes.

"That plaintiff has requested the defendant to vacate and leave at his disposal the said property and the latter not only has failed to vacate it but refuses to do so."

From the opinion rendered by the lower court we copy the following:

"The plaintiff has proved that he has a title issued by the Treasurer of Puerto Rico by virtue of the auction sale made of the property. To establish the alleged conflict of titles, defendant claims that the title of plaintiff is void. In a summary proceeding of the nature of the unlawful detainer herein, can the question of the nullity of the title of plaintiff be considered? In our judgment it can not be considered. In deciding the case of *León* v. *Alvarado,* our Supreme Court said:

" 'As to the second error, the fact that the appellant has moved to set aside the judgment in the action in which the sale and conveyance of the house was made, is no ground for holding that León Lugo's title is not sufficient to support a judgment in his favor in an action of unlawful detainer, for until the judgment and sale are set aside the plaintiff's title is good and he will continue to be the owner and as such may compel the appellant to vacate the house in question. To hold that attacking the validity of a title prevents the exercise of the rights arising therefrom would be tantamount to deciding in an action of unlawful detainer that said title contains the defects on which its alleged nullity is based, and this is a question that cannot be considered or decided in a summary and special proceeding, like that of unlawful detainer, in which only the right of the apparent owner and possessor to evict the person in actual possession is considered.' *León* v. *Alvarado*, 24 P.R.R. 654.

"In the instant case the title of plaintiff is attacked, but in spite of the fact that the property was sold at auction on August 8, 1932, defendant has not asked for the redemption of the property, nor has she requested the nullity of the auction, but now seeks, in a summary proceeding, to have the title of plaintiff declared void. Such a question, as we have seen, can not be decided collaterally within an unlawful detainer proceeding.

"The second contention of defendant is based on the claim she has her homestead established in the property from which she is sought to be evicted.

"Even though it be true that defendant had her homestead in the said property, the fact that it was sold to pay taxes weakens the claim of Mrs. Candelaria and her husband, to such an extent, taht they can not now claim it in this proceeding. According to section 541 of the Civil Code in force every householder, having a family, shall be entitled to an estate of homestead to the extent and value of five hundred dollars, and such homestead shall be exempt from attachment, judgment, levy or execution except in the following three cases: 1, for taxes due thereon; 2, purchase price of said property; and, 3, liability incurred for the improvements placed thereon. If the property was sold for taxes, that is, for one of the exceptions mentioned in the homestead law itself, it is clear that defendant is not entitled to demand from the purchaser at the auction sale, recognition of her homestead right.

"For the reasons stated this court is of the opinion that in this case a judgment should be rendered sustaining the complaint, and, consequently, ordering defendant to vacate and leave at the free

disposal of plaintiff the property described in the complaint within a period of fifteen days, with the warning that if she fails to do so her eviction from the premises will be ordered, and the costs are imposed on defendant, but without including attorney's fees."

■ We have carefully examined the brief filed by appellant and we think that this appeal must be dismissed and the judgment appealed from affirmed. The first error attributed to the lower court consists in having admitted as evidence, over the objection of defendant, the certificate of the Collector of Internal Revenues of Arecibo, awarding to plaintiff the property the object of the unlawful detainer proceeding. Appellant claims that the certificate states that the sale was notified to Manuel Cruz and his wife Juana Candelaria as owners, but that the same document shows that Manuel Cruz resides in New York. This does not exclude the possibility that he was duly notified. The certificate of sale states that, in accordance with the provisions of section 315 of the Political Code of Puerto Rico, the sale was notified to Manuel Cruz and to Juana Candelaria as owners, and to Mariana D. Elías as mortgage creditor, all of whom have an interest in the auction. *Prima facie* said document has all the requisites required by law. In accordance with the Political Code, said certificate constitutes an absolute title to the property in favor of the purchaser, if the right of redemption has not been exercised within the period fixed by law, and will be *prima facie* evidence of the facts mentioned in the same in any controversy, proceeding or suit involving or concerning the rights of the purchaser.

In our judgment, in the instant case it is not necessary to resort to the jurisprudence cited by the trial court, in order to sustain the judgment appealed from. Defendant did not offer any evidence to contradict the facts stated in the certificate of sale, and confined herself to the statement that her husband went to New York and has not returned. Even conceding that defendant could attack in this summary proceeding the title of plaintiff, the truth is that there is no

evidence in the record to destroy the validity of said title. This reason alone would be sufficient to affirm the judgment appealed from.

The second error is based on the court's refusal to admit certain evidence the introduction of which would not have affected the question at issue. The defendant took no exception to the ruling of the court.

The third error is assigned because the court did not permit defendant to question plaintiff as to having complete knowledge that he was joint owner of the mortgage on the property sold at auction. This supposed error lacks importance, if it is considered that the only evidence offered by defendant to prove the execution of the mortgage in favor of Pedro Gelabert and Mariana D. Elías was a certificate from the registry of property wherein, far from stating that the mortgage creditors agreed to pay the taxes on the mortgaged property, it is said that the owners of said immovable agree to pay any taxes which in the future might be imposed on the mortgage credit. See *Orcasitas* v. *Registrar, ante,* p. 106.

The fourth error is based on the fact that the court held that the plaintiff was the owner of the property sold at auction and that defendant had no homestead right therein. This assignment is without merit, as the property was awarded to the plaintiff in a summary proceeding to recover taxes.

In our opinion, the appeal taken is clearly frivolous and should be dismissed.